# PACILEO, SHERIFF v. WALKER

No. A-894.   Decided May 1, 1980

MR. JUSTICE REHNQUIST, Circuit Justice.

Applicant Sheriff of El Dorado County, Cal., applies for a stay of an order of the Supreme Court of California issued April 9, 1980. The order was made in connection with a request for extradition of respondent Walker by the demanding State of Arkansas to the rendering State of California pursuant to the Extradition Clause of the Constitution and federal statutes implementing it. The stay is requested pending consideration by this Court of a petition for certiorari to review the order, which is sufficiently short to permit its pertinent parts to be set forth *in haec verba*:

> "The Sheriff of the County of El Dorado is ordered to show cause before the Superior Court of El Dorado County with directions to that court to conduct hearings to determine if the penitentiary in which Arkansas seeks to confine petitioner is presently operated in conformance

with the Eighth Amendment of the United States Constitution and thereafter decide the petition on its merits.

"Pending final determination of this proceeding execution of the Governor's Warrant of Extradition is stayed, and the Sheriff of the County of El Dorado is directed not to release petitioner into the custody of any agent of the State of Arkansas."

Though there are numerous factual allegations in both the application and in the response for which I called, the only one which is verified was made to Governor Brown of California in urging him to refuse to issue an extradition warrant in this case. In that affidavit, a practicing attorney in Little Rock, Ark., stated: "I have no hesitation in stating that I fear if James Dean Walker is returned to the Arkansas penitentiary system that he faces grave danger to his physical well being."

Nonetheless, on February 18, 1980, the Governor of California honored the requisition for the arrest and rendition of respondent James Dean Walker, who was then within the State of California and who escaped from an Arkansas prison prior to completing a sentence imposed upon him in that State following his conviction for murder. The legal issues posed by the applicant's request for a stay can probably be best understood in the light of the legal proceedings which have ensued since Governor Brown issued the warrant of arrest and rendition.

Respondent Walker first challenged his extradition by filing a petition for a writ of habeas corpus in the Superior Court of El Dorado County, Cal., then in the California Court of Appeal, Third Appellate District, and then in the United States District Court for the Eastern District of California. Each of these efforts was unsuccessful.

It was only upon this final application to the Supreme Court of California that he obtained the relief which he sought, and the Sheriff of El Dorado County who is his

present custodian is now the applicant before me. Thus the executive aspect of extradition, and the legal obligation of the Governor of one State to surrender a fugitive found in that State to the Governor of a demanding State upon his request discussed in *Kentucky* v. *Dennison*, 24 How. 66 (1861), are not involved here. The Governor of California has already issued an extradition warrant in response to the request of the Governor of Arkansas, and the question is to what extent may the courts of the so-called "asylum" or "rendering" State inquire beyond the face of the extradition warrant and its conformity to state law.

This Court most recently considered that question in *Michigan* v. *Doran*, 439 U. S. 282 (1978), in which it stated that "[i]nterstate extradition was intended to be a summary and mandatory executive proceeding derived from the language of Art. IV, § 2, cl. 2, of the Constitution." *Id.*, at 288. We further stated in that case:

> "Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive. These are historic facts readily verifiable." *Id.*, at 289.

In an earlier decision, *Sweeney* v. *Woodall*, 344 U. S. 86 (1952), the Court stated:

> "The scheme of interstate rendition, as set forth in both the Constitution and the statutes which Congress has enacted to implement the Constitution, contemplates the prompt return of a fugitive from justice as soon as the state from which he fled demands him; these provisions do not contemplate an appearance by Alabama in respondent's asylum to defend against the claimed abuses of its prison system." *Id.*, at 89–90 (footnotes omitted).

In this case, the demanding State is Arkansas, whose prisons were the subject of our opinion in *Hutto* v. *Finney,* 437 U. S. 678 (1978). The asylum State is California, and the Superior Court of El Dorado County, Cal., has been ordered by the Supreme Court of that State "to conduct hearings to determine if the penitentiary in which Arkansas seeks to confine petitioner is presently operated in conformance with the Eighth Amendment of the United States Constitution and thereafter decide the petition on its merits."

The 1970 census conducted by the United States indicates that El Dorado County, Cal., has a population of 43,833 persons. Its county seat, Placerville, with a population indicated by the same census as being in the neighborhood of 5,000 persons, is located between Sacramento and the Nevada border on the south side of Lake Tahoe. While there is in terms no doctrine of *"forum non conveniens,"* the doctrines of this Court in *Sweeney* v. *Woodall, supra,* and *Michigan* v. *Doran, supra,* indicate that the interstate rendition of fugitives has a federal constitutional and statutory basis, and cannot be decided solely in accordance with the principles of law enunciated by the courts of one State. Here the Governor of California has granted the request for extradition, which is in compliance with federal standards. And under *Sweeney* the proper forum for respondent's challenge to Arkansas prison conditions is in the Arkansas courts. It seems to me that the order issued by the Supreme Court of California is very much at odds with principles set forth in *Doran* and *Sweeney,* and I have therefore decided to grant the application of applicant Pacileo for a stay pending timely filing of a writ of certiorari in this Court to review the order of the Supreme Court of California. In the event that the petition is denied, the stay issued by me shall expire of its own force. In the event that the petition for certiorari is granted, the stay shall continue in force until final disposition of the case by this Court or further order of the Court.